[No. 6615.]

JONES vs. THE PEOPLE.

CRIMINAL LAW—*Practice of Medicine without License*—Under Rev. Stats. 6069, one who practices osteopathy, not prescribing medicine or administering drugs, is not guilty of any offense, though he assumes the title of doctor—(131).

*Error to Denver District Court.*—HON. GREELEY W. WHITFORD, Judge.

Mr. JOHN A. RUSH for plaintiff in error.

No appearance for the people.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

The first count of the information charges the defendant with unlawfully practicing medicine by holding himself out as being engaged in the diagnosis and treatment of diseases and injuries of human beings, without a license. The second count charges him with the same offense, by attaching the title "Doctor" and abbreviation "Dr." to his name, indicating that he was engaged in the treatment and diagnosis of diseases and injuries of human beings, without a license.

Defendant's lawyer, and the district attorney, filed a stipulation of facts, wherein the defendant admitted that he held himself out to the public as being engaged in the diagnosis and treatment of diseases and injuries of

human beings; also that he attached the title "Doctor" and the abbreviation "Dr." to his name, indicating that he was engaged in the treatment and diagnosis of the diseases and injuries of human beings, without a license to practice medicine in Colorado; and the district attorney admitted that the defendant was a graduate from the Still College of Osteopathy, which is recognized as a reputable institution for teaching osteopathy; that the defendant held a diploma from said osteopathic college, which vested in him the degree of Doctor of Osteopathy; that he held a certificate from the Colorado Osteopathic Association, incorporated under the laws of Colorado; that he had printed upon his cards, letterheads, envelopes, and the door of his office, the words: "Doctor Ralph M. Jones, Osteopathic Physician"; and at no time attached the word "Doctor" or the abbreviation "Dr." to his name except in connection with the words "Osteopath" or "Osteopathic Physician"; and that he was engaged in the practice of osteopathy without prescribing medicine or administering drugs.

Upon this stipulation of fact, the court denied a motion to discharge the defendant, found him guilty, and fined him fifty dollars.

In this, the court was in error. Section 6069, Rev. Stats. 1908, upon which the prosecution is based, defining the practice of medicine, provides: "Nothing in this act shall be construed to prohibit  *  *  *  nor shall it apply to  *  *  *  the practice of osteopathy, when not prescribing medicine or administering drugs." The stipulation brought the defendant clearly within the exception. The court should have sustained the motion and discharged the defendant.                *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.